UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61889-CIV-ZLOCH

WILLIE DIXON,

    Plaintiff,

vs.                                    **FINAL ORDER OF REMAND**

FAIRFIELD PIER CLUB, and
FAIRFIELD RESIDENTIAL COMPANY,

    Defendants,

_____/

    THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

    In the above-styled cause, Defendants filed a Notice Of Removal (DE 1).  The Court's jurisdiction in this matter was premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332. By prior Order (DE 6), the Court advised Defendants that this Notice of Removal failed to satisfy the requirements of § 1332 and ordered Defendants to file an Amended Notice of Removal that satisfies the statute.  Defendants then filed an Amended Notice of Removal (DE 17); however, it too is insufficient to establish this Court's jurisdiction over the above-styled cause.  Thus, remand is required.

    Section 1332 provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States."  28 U.S.C. § 1332(a). The dictates of § 1332 keep the federal courts moored to the

jurisdictional limits prescribed by Article III, Section 2 of the Constitution.  As Justice Stone stated in reference to § 1332 in Healy v. Ratta, 292 U.S. 263, 270 (1934), "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

These dictates stem from the fact that federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists.  United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

It is well settled that the removal statute is to be strictly construed against removal and in favor of remand because a defendant's right to remove and plaintiff's right to choose his forum are not on equal footing.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand); see also Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

The Court is mindful of the instruction of the Eleventh Circuit Court of Appeals that prior to remanding a case for lack of subject matter jurisdiction upon the failure of the removing party to properly allege diversity, the district court must grant leave to amend.  Corporate Management Advisors Inc. V. Artjen Complexus,

2

Inc. 561 F.3d 1294, 1297-98 (11th Cir. 2009).  Accordingly, by prior Order (DE 16), the Court directed Defendants to amend the Notice of Removal because diversity was not pleaded so as to satisfy the requirements of § 1332.  A review of the Amended Notice Of Removal (DE 17) filed herein reveals that the requisite diversity of citizenship of the Parties is still not apparent on its face.

The Amended Notice Of Removal (DE 17) states, in relevant part:

> The FAIRFIELD DEFENDANTS are Delaware limited
> liability companies incorporated under the
> laws of Delaware with their principal place of
> business in California.

DE 17, p. 2.  The Amended Notice Of Removal (DE 17) fails to sufficiently allege the citizenship of the Fairfield Defendants, as they are limited liability companies, for the Court to determine whether it has jurisdiction over the above-styled cause.  As to both, the Court notes that "[a] limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  The Court has combed through the record in accord with Pierson v. Rogow.  15-15475, p. 4 (11th Cir. Oct. 12, 2016) ("[T]he entire record may be looked to for the purpose of curing a defective averment of citizenship when jurisdiction in federal court is based on diversity of citizenship.") (further citation omitted).  But, the Court as not located information about the citizenship of the members of Defendants.  And, as noted above, the Amended Notice Of Removal (DE 17) lacks affirmative allegations regarding the citizenship of

all members of the Fairfield Defendants.

Therefore, because Defendants have failed to properly allege their own citizenship, they have not met the burden of establishing this Court's jurisdiction over the above-styled cause.  The Amended Notice of Removal's failure to establish the diversity requirements necessary for this Court to exercise jurisdiction means that this case must be remanded.

In remanding the above-styled cause due to Defendants' failure to satisfy the requirements of federal jurisdiction, the Court echoes the sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds. Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED**

4

to state court;

2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. CACE-16-006039; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____13th____ day of March, 2017.

_____
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

All Counsel of Record

Clerk of the Circuit Court (Certified Copy)
Seventeenth Judicial Circuit
Broward County, Florida
Case No. CACE-16-006039